FILED
 2008 Jul-09  PM 12:41
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD M. COKE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CV 08-B-0726-S** |
| ) | |
| **TRUSTMARK NATIONAL BANK;** ) | |
| **REMAX REALTY CORP.;** ) | |
| **MORTGAGE PROFESSIONALS;** ) | |
| **REALTYSOUTH CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on Motions to Dismiss, (docs. 4, 8, 13),[1] filed by defendants RealtySouth,[2] ReMax Realty,[3] and Trustmark National Bank. Plaintiff Edward M. Coke, who is proceeding pro se, filed a Complaint on April 25, 2008, against defendants. (Doc. 1.) In his Complaint, plaintiff alleges that he is a resident of the state of Alabama and that defendants Mortgage Professionals and RealtySouth Corp. are Alabama companies. (*Id*. at 1.) Defendants RealtySouth, ReMax Realty, and Trustmark

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]RealtySouth contends that its correct name is "JRHBW Realty, Inc., d/b/a RealtySouth." (*See* doc. 4 at 1.)

[3]ReMax Realty contends that its correct name is "Scott Real Estate Investments, Inc., d/b/a RE/MAX Advantage." (*See* doc. 8 at 1.)

National Bank contend that this court lacks subject-matter jurisdiction. (Docs. 4, 8, and 13.) For the reasons set forth below, the court agrees.

Federal district courts are courts of limited jurisdiction. The Eleventh Circuit has held:

> Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. While Article III of the Constitution sets the outer boundaries of that power, it also vests Congress with the discretion to determine whether, and to what extent, that power may be exercised by lower federal courts. Consequently, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and ***once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction***.

*Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000)(citations omitted; emphasis added). With certain limited exceptions not at issue in this case, federal district courts may hear only civil cases (1) involving parties from different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a); or (2) "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Plaintiff alleges this court has diversity jurisdiction pursuant to § 1332. (Doc. 1 at 1.)

> "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams* [*v. Best Buy Co.*], 269 F.3d [1316,] 1319 [(11th Cir. 2001)] (citing 28 U.S.C. § 1332(a)). Diversity jurisdiction "requires complete diversity – every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

*Beavers v. A.O. Smith Elec. Products Co.*, Nos. 06-15401, 07-11401, 2008 WL 383051, *3 (11th Cir. Feb. 13, 2008). Because plaintiff alleges that he, RealtySouth, and Mortgage Professionals are all Alabama residents, this court does not have diversity jurisdiction.

In his opposition to defendants' Motions to Dismiss, plaintiff contends that this court has subject-matter jurisdiction based on a federal question. (*See* doc. 11 at 1, doc. 17 at 3-4.) Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff contends this court has federal-question jurisdiction based on defendants' alleged failure to send payments for mortgage insurance to HUD/FHA. However,

> Mortgage insurance, whether issued through a federal program (like the Federal Housing Authority) or by a private insurer, is an insurance policy issued to the lender . . . that is designed to protect against the risk of loss in the event of default if the value of the unpaid balance of the loan exceeds the value of the mortgaged property at foreclosure. Although the lender takes out the insurance, the existence of the policy enables a borrower to borrow a greater percentage of the purchase price, thereby reducing the amount of down payment required and bringing the price of home ownership within the reach of more people. Because of the 80% [loan-to-value] cap that would exist without such insurance, mortgage insurance permits the lender to extend credit to high-risk borrowers who would not have otherwise qualified for it with the knowledge that such loans are eligible to be purchased by the secondary market.

*Deerman v. Federal Home Loan Mortg. Corp.*, 955 F. Supp. 1393, 1396 (N.D. Ala. 1997). This mortgage insurance does not "insure" the borrower directly, as plaintiff contends. (*See* doc. 1 at 2 ["I fully understand that mortgage insurance is for the benefit of the lender, but since I pay the premiums I have a right to know what is going on and also ***it is for my benefit***

*because upon default on my part, the loan will be paid off and I will ot owe the lender.*" (emphasis added)].)  "[T]he National Housing Act and the regulations promulgated thereunder [which created the FHA and HUD mortgage insurance programs] deal only with the relations between the [lender] and the government, and *give the [borrower] no claim to duty owed nor remedy for failure to follow*." *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977)(emphasis added);[4] *see also United States v. Neustadt*, 366 U.S. 696, 709 (1961)("there is no legal relationship between the FHA and the individual [borrower]").

Because federal law does not give plaintiff any remedy, his civil action does not "aris[e] under the . . . laws . . of the United States." 28 U.S.C. § 1331.  Therefore, the court does not have federal-question subject-matter jurisdiction over plaintiff's claims.

Defendants' Motions to Dismiss are due to be granted, and, pursuant to Fed. R. Civ. P. 12(h)(3),[5] this action will be dismissed.  Dismissal of plaintiff's action does not prejudice his right to refile his claim in state court.

**DONE**, this the 9th day of July, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[5] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).